Silva Hermano y Cía., Recurrente, *v.* El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de la inscripción de una escritura de compraventa.

No. 428.—Resuelto en marzo 12, 1920.

Sociedad Mercantil—Existencia de la Sociedad.—El hecho de que la adquisición de una finca por una sociedad sea de fecha anterior a la escritura de constitución de esa sociedad, no es bastante para sostener que se trata de dos sociedades distintas, pues la sociedad pudo existir aunque sus pactos sociales no constasen en escritura pública; con mayor razón en el presente caso en que del contrato social aparece que la sociedad existía anteriormente, pues fué aportado a la misma un establecimiento mercantil que ya tenían abierto los socios.

Id.—Liquidación de la Sociedad Mercantil.—Como una sociedad, a pesar de

su disolución y de estar en estado de liquidación, continúa siendo dueña de los bienes de la misma, puede traspasarlos sin necesidad de que esto se haga por la entidad liquidadora.

MANDANTE—MANDATARIO—BIENES DEL MANDANTE ADQUIRIDOS POR EL MANDATARIO.—Aunque el mandatario no puede adquirir los bienes de su mandante, como esta prohibición es de interpretación restrictiva si es el mismo mandante el que se los vende se entiende de hecho revocado el mandato e inaplicable tal prohibición.

Los hechos están expresados en la opinión.

Abogados de la recurrente: *Sres. H. Torres* y *F. Marchán.*

El registrador recurrido, Sr. R. Tirado Verrier, compareció por escrito.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por escritura pública de 24 de septiembre de 1891 don José Silva Albert y don José Silva Quintana constituyeron la sociedad mercantil J. Silva & Cía. a la que aportaron el establecimiento comercial que tenían abierto en el barrio de "Río Cañas" de Caguas. Pocos meses después, y por escritura de tres de enero de 1892, disolvieron su sociedad encargando de la liquidación a otra que iba a constituirse y que por el mismo documento constituyó uno de ellos, don José Silva Albert, con don Ramón Silva Albert y don Nicanor Esteves bajo la razón social de Silva Hermano y Cía. En la misma fecha y con el número siguiente de orden del protocolo del notario los dos socios de J. Silva y Cía. vendieron en nombre de la sociedad a Silva Hermano y Cía. una finca de cuarenta cuerdas radicada en el barrio de "Quebrada Arenas" que dijeron había comprado la sociedad J. Silva y Cía. en 27 de julio de 1891 y que estaba inscrita a su nombre en el registro de la propiedad.

Presentados esos documentos al registrador negó la inscripción de dicha finca por los siguientes motivos:

"*Primero:* Que dicha finca aparece inscrita a favor de una sociedad denominada J. Silva y Cia. como adquirida en 27 de julio de 1891 y que la sociedad que comparece o verifica la venta fué constituída en 24 de septiembre de 1891 o sea en fecha posterior a

tal adquisición, por cuya contradicción debe presumirse que, aunque de la misma razón social, se trata en ambos casos de sociedades diferentes, sin que tal juicio se destruya con la simple manifestación contenida en la escritura de venta relacionando ambas fechas sin aclaración alguna ni comprobación respecto al particular, pues además no aparece de la escritura de constitución que la sociedad que vende sea continuadora o liquidadora de la que tiene inscrita la finca, ni que sus efectos hubieran de retrotraerse a fecha anterior, resultando solamente ser continuadora de la extinguida casa José Silva Quintana, siendo aplicable en este caso el art. 20 de la Ley Hipotecaria; *Segundo:* Que aún en el caso de tratarse de una misma sociedad, J. Silva y Cía., fué disuelta en escritura número 5 de fecha 3 de enero de 1892 y se verifica la venta a nombre de la misma como si tal disolución no se hubiera practicado, en esta escritura número seis del mismo día, o sea con posterioridad, siendo por tanto, ambas escrituras que se tienen a la vista, contradictorias entre sí; y, *tercero:* Que la sociedad que compra es liquidadora de J. Silva y Cía., según consta de la escritura No. 5 citada, en cuyo carácter le está prohibido adquirir bienes de la misma por compra, por razón de estar encargada de la administración de ellos, a tenor del artículo 1362 del Código Civil; habiéndose tomado en su lugar anotación preventiva por el término legal al folio 57 del tomo 7º. Río Piedras, finca No. 313, anotación letra A.''

Interpuesto recurso gubernativo por Silva Hermano y Cía. contra esa resolución solicita que la revoquemos y ordenemos la inscripción a su favor.

El solo hecho de que la mencionada finca fuera comprada por J. Silva y Cía. en 27 de julio de 1891, dos meses antes de que sus pactos sociales se hicieran constar en el documento público de 24 de septiembre del mismo año, no es bastante para sostener que son distintas la sociedad que vende y la que aparece como dueña en el registro pues pudo existir dicha sociedad aunque sus pactos no constasen en escritura, con mayor razón en este caso en que del contrato social aparece que la sociedad existía con anterioridad pues aportaron a la misma el establecimiento comercial que tenía abierto en el barrio de ''Río Cañas,'' por lo que no tiene aplicación el artículo 20 de la Ley Hipotecaria.

Se funda el segundo motivo de la negativa en que la escritura de disolución y la de venta son contradictorias porque los socios de J. Silva y Cía. venden a nombre de esta sociedad como si no estuviera disuelta y en liquidación, entendiendo el registrador, según expresa en su alegato, que debió hacerse la venta a nombre de la sociedad en liquidación, reconociendo que había sido disuelta, o a nombre de sus ex-socios como dueños que debían quedar en comunidad de la finca, pero no como perteneciente a la sociedad.

Los miembros de una sociedad no son copropietarios de los bienes de la misma porque éstos pertenecen a la entidad jurídica social, por lo que los socios de J. Silva y Cía. no podían vender a su nombre propio la finca objeto de este recurso y tenían que verificarlo, como lo hicieron, a nombre de la razón social a que pertenecían, que era la que podía disponer de ella. Es cierto que cuando verificaron la venta ya estaba disuelta la sociedad y declarada en liquidación, pero esto no requería que la venta la otorgara la sociedad liquidadora porque J. Silva y Cía. continuó siendo dueña de la finca a pesar de su disolución. El caso de *Porto Rico Fruit Exchange* v. *El Registrador de San Juan*, 27 D. P. R. 759 citado por el recurrido en su alegato en apoyo de este motivo de su negativa, no tiene aplicación a este caso porque en él se trataba de que un socio había llegado a ser único dueño de todos los bienes de la sociedad por cesión que de sus derechos le hicieron los demás socios y tenía, por tanto, que actuar como tal único dueño de los bienes.

Por último, en vista de que "Silva Hermano y Cía." compró la finca en cuestión a "J. Silva y Cía.'' inmediatamente después de ésta haberla nombrado su liquidadora, como lo demuestra el que la escritura de compra y la de declaración de liquidación fueron otorgadas en la misma fecha, teniendo la primera el número siguiente de orden a la segunda en el protocolo del notario, dudamos mucho si efectivamente la compradora estaba de hecho encargada de la administración de la finca que compró y más bien nos sentimos inclinados

a creer que no lo estaba; pero de todos modos tal compra no es nula de acuerdo con el No. 2°. del artículo 1362 del Código Civil porque como dijo este Tribunal Supremo en el caso de *Mancheño* v. *Le Brun*, 14 D. P. R. 482, arguyendo bajo la base de una venta otorgada por el mandante a su mandatario, "desde el momento en que el mismo mandante vende esos bienes a su mandatario hace cesar el mandato dado y recupera el poder de vender y de administrar que había otorgado desapareciendo así el motivo legal de la incapacidad. Esa prohibición de la ley ha sido siempre interpretada restrictivamente por oponerse a la libertad de contratación, es ratificable el contrato y prescriptible la acción para pedir su nulidad, habiendo transcurrido en este caso veinte y siete años desde su otorgamiento. *Bengoa* v. *El Registrador*, 14 D. P. R. 109; *Ledesma* v. *Agrait*, 19 D. P. R. 566; *Turner* v. *El Registrador*, 22 D. P. R. 573; *Seoane* v. *El Registrador*, 23 D. P. R. 813; *Castelló* v. *Pérez*, 23 D. P. R. 770.

Por las razones expuestas debe revocarse la nota recurrida y ordenarse la inscripción solicitada.

> *Revocada la nota recurrida y ordenada la inscripción denegada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. del Toro firmó: "Conforme con la sentencia."