Central Pasto Viejo, Inc., Tercerista y Apelada, *v.* Barnés, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre tercería de bienes muebles.

No. 2836.—Resuelto en mayo 11, 1923.

Bienes no Embargables—Tercería de Bienes Muebles—Sociedad Civil—Embargo de Bienes de la Sociedad en Pleitos contra el Socio.—Tanto en las sociedades mercantiles como en las civiles el acreedor de uno de los socios no puede embargar bienes de la sociedad para asegurar la efectividad de la sentencia que pudiera dictarse en pleito contra el socio para cobrar el crédito; por lo que procede dictar sentencia sobre las alegaciones cuando reclamada por la sociedad en pleito de tercería la propiedad embargada alegando pertenecerle, no resulta de la contestación que sea exclusivamente del socio sino que efectivamente pertenece a la sociedad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Cervoni Gely.*

Abogados de la apelada: *Sres. F. González* y *H. G. Molina.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Para asegurar el apelante Francisco Barnés la efectividad de la sentencia en pleito que sigue contra José Frontera hizo que el márshal embargara como de la propiedad de su demandado cierto número de sacos de azúcar que estaban en los almacenes de la Central Pasto Viejo, Inc., la que mediante fianza los recuperó y presentó su reclamación de tercería alegando ser ella la única dueña de dichos sacos de azúcar.

Contestó Barnés que Frontera tiene una sociedad con Central Pasto Viejo, Inc., para explotar las cañas sembradas en cierta finca nombrada "Quintana," cañas que, según su saber, han producido más de 2,000 sacos de azúcar de los cuales "corresponden a Frontera una parte más que suficiente para cubrir los $3,000 de su capital social y completar el importe de los 950 sacos de azúcar objeto de la tercería."

A instancia del tercerista, la corte dictó sentencia por

esas alegaciones y declaró con lugar la tercería, sin especial condena de costas, contra cuyo fallo interpuso Barnés este recurso de apelación.

No cometió error la corte inferior al dictar sentencia por las alegaciones, como alega el apelante, porque admitiendo como cierto que Frontera tenía esa sociedad con Central Pasto Viejo, Inc., que son producto de ella los sacos de azúcar que fueron embargados y que a Frontera correspondería por su capital un número de sacos de azúcar mayor que el embargado, no resulta de la contestación que Frontera sea dueño exclusivo de dichos sacos de azúcar sino que pertenecen a la sociedad alegada y por esto no podían ser embargados, según resolvimos en el caso de *Quintana Hermanos & Co.* v. *Ramírez & Co.*, 22 D. P. R. 761, aplicable a todo contrato de sociedad, ya sea civil o mercantil, quedando así contestado el segundo motivo del recurso.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.