JUSTO PERALES BENÍTEZ, tercerista y apelado, *v.* MANUEL SAMPAYO Y LA SUCESIÓN DE JOSEFA APONTE, demandados y apelantes.

No. 3982.—*Visto:* Diciembre 3, 1926. *Resuelto:* Junio 8, 1927.

1. SOCIEDADES—RETIRO Y ADMISIÓN DE SOCIOS—CESIÓN O VENTA POR UN SOCIO O SOCIOS DE SUS DERECHOS Y ACCIONES A UN TERCERO—SU VALIDEZ—CONSENTIMIENTO DE LA ESPOSA.—Cedida por un socio los derechos y acciones en la liquidación de una sociedad, la escritura de cesión no adolece de defecto alguno porque en ella no comparezca la esposa de aquél.

2. SOCIEDADES—RETIRO Y ADMISIÓN DE SOCIOS—CESIÓN O VENTA POR UN SOCIO O SOCIOS DE SUS DERECHOS Y ACCIONES A UN TERCERO—CONSENTIMIENTO DE LOS DEMÁS SOCIOS—FALTA DE TAL CONSENTIMIENTO—PERSONAS QUE PUEDEN ALEGARLA.—La prohibición prescrita en el artículo 143 del Código de Comercio ha sido establecida en beneficio de los socios de una sociedad, y sólo éstos pueden alegarla.

3. SOCIEDADES—RETIRO Y ADMISIÓN DE SOCIOS—CESIÓN O VENTA POR UN SOCIO O SOCIOS DE SUS DERECHOS Y ACCIONES A UN TERCERO—CONSENTIMIENTO DE LOS DEMÁS SOCIOS—EN GENERAL.—Transmitido por un socio su interés en la compañía o sociedad, el que en la escritura no conste el consentimiento de los demás socios que dispone el artículo 143 del Código de Comercio no quiere decir que éste no exista y aquélla adolezca del defecto de falta de dicho consentimiento.

4. SOCIEDADES—RETIRO Y ADMISIÓN DE SOCIOS—CESIÓN O VENTA POR UN SOCIO O SOCIOS DE SUS DERECHOS Y ACCIONES A UN TERCERO—SU VALIDEZ—PRECIO POR MAYOR CANTIDAD QUE AQUELLA CON LA CUAL SE CONSTITUYÓ LA SOCIEDAD.—El vender unos socios sus derechos y acciones en la sociedad, por can-

tidad mayor que aquella con la cual se constituyó dicha sociedad no quita validez a las ventas efectuadas.

5. EMBARGOS—RECLAMACIONES POR TERCERAS PERSONAS—TERCERÍA—EVIDENCIA—SU SUFICIENCIA—TÍTULO DEL TERCERISTA.—Vendidos los derechos y acciones de unos socios en la sociedad, las escrituras de venta no dejan de ser suficientes para probar una acción del comprador como tercerista al ser embargadas las mercancías porque los socios vendieran por una suma mayor que aquella con la cual se constituyó la sociedad.

6. ALEGACIONES—CUESTIONES LITIGIOSAS (Issues), PRUEBAS E INCONGRUENCIAS—CUESTIONES A PROBAR—ADMISIONES EN LAS ALEGACIONES.—Entablada tercería por uno como cesionario de los derechos y acciones que puedan corresponder a una sociedad, éste no necesita probar la existencia de dicha sociedad cuando tal hecho se ha admitido en la contestación y el demandado lo ha probado.

7. TRASPASOS FRAUDULENTOS—REMEDIOS DE ACREEDORES Y COMPRADORES—EVIDENCIA—SUFICIENCIA DE LA MISMA—CONSIDERACIÓN O CAUSA—EN GENERAL.—El contrato de cesión de derechos y acciones hecha por uno de dos socios en este caso, atendida la prueba, se resolvió era simulado por no haber mediado precio, no obstante haberse hecho días antes de dictarse sentencia condenándole al pago de una cantidad.

8. EMBARGOS—RECLAMACIONES POR TERCERAS PERSONAS—TERCERÍAS—EVIDENCIA—PROPIEDAD DE LOS BIENES EMBARGADOS.—En este caso dos socios, separadamente, enajenaron sus derechos y acciones en una sociedad en liquidación. Embargada una mercancía y entablada acción de tercería se declaró nula una de las enajenaciones. Se resolvió: que en ausencia de demostración de que la liquidación de la sociedad haya terminado, los bienes embargados pertenecen a la liquidación de dicha sociedad.

9. SOCIEDADES—DERECHOS Y RESPONSABILIDADES RESPECTO A TERCERAS PERSONAS—ACCIONES POR O EN CONTRA DE FIRMAS O SOCIOS—EMBARGOS—PROPIEDAD SUJETA A EMBARGO—PROPIEDAD DE SOCIEDAD EN LIQUIDACIÓN.—Los bienes de una sociedad en liquidación pueden ser embargados para el cobro de la deuda de uno de sus socios.

SENTENCIA de Gabriel Castejón, J. (Humacao), declarando con lugar demanda de tercería, sin costas. Confirmada en parte modificando la sentencia apelada.

F. Cervoni Gely, abogado de los apelantes; Manuel Tous Soto, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Por escritura pública de primero de febrero de 1922 se constituyó en la ciudad de Caguas la sociedad mercantil M. Sampayo & Ca., cuyo término expiraría en igual día y mes del año 1924, siendo sus socios Manuel Sampayo y Antolín Taboas.

Por escritura pública de 28 de enero de 1925 el socio

Sampayo cedió a Justo Perales sus derechos y acciones en la liquidación de esa sociedad; y el 20 de febrero siguiente hizo lo mismo el otro socio Taboas, también a favor de Perales, por escritura pública de esa fecha.

El 30 de enero de 1925 dictamos sentencia en un pleito de la sucesión de Josefa Aponte contra Manuel Sampayo y revocando la de la corte inferior lo condenamos a pagar determinada cantidad de dinero, y para su cumplimiento fueron embargadas el 27 de febrero de 1925 ciertas mercancías. Estableció Justo Perales demanda de tercería alegando ser dueño de las mercancías por haber comprado a Sampayo y a Taboas, según queda dicho, los derechos y acciones que tenían en la liquidación de la sociedad; y por las admisiones hechas por la Sucesión Aponte en su contestación a la demanda del tercerista, lo único que éste tenía que probar era que hizo las compras a Sampaño y a Taboas, y al efecto su prueba se limitó a presentar esas dos escrituras. La Sucesión Aponte presentó entonces a la corte moción de *nonsuit* solicitando que dictase sentencia a su favor por no haber probado el tercerista sus alegaciones pero fué desestimada por la corte y habiendo presentado la Sucesión Aponte su prueba, recayó sentencia a favor del tercerista ordenando que los bienes embargados quedasen a la disposición de M. Sampayo y Ca., hoy del tercerista Justo Perales, como cesionario actualmente de todos los derechos y acciones que en aquélla pudieran corresponderle, sin especial condenación de costas.

[1] Apeló esa sentencia la Sucesión Aponte y en el primer motivo de su recurso alega que la corte inferior erró al negar su moción de *nonsuit* porque las escrituras presentadas por el tercerista no son suficientes para sostener su acción, pues la otorgada por Sampayo adolece del defecto de no haber comparecido en ella su esposa, cuya concurrencia alega la apelante ser necesaria para la venta de la tienda. Basta la enunciación del defecto alegado para

quedar convencidos de que tal defecto no existe porque la comparecencia de la esposa en una escritura de venta otorgada por su marido sólo es necesaria cuando la enajenación es de bienes inmuebles o de derechos reales de la sociedad conyugal.

[2, 3] También alega la apelante que la escritura de cesión de Sampayo adolece del defecto de la falta de consentimiento del otro socio, toda vez que el artículo 143 del Código de Comercio dispone que no se podrá transmitir a otra persona el interés que se tenga en una compañía sin el consentimiento de los otros socios; pero el hecho de que no conste en la escritura el consentimiento del socio Taboas no quiere decir que tal consentimiento no exista, aparte de que tal prohibición ha sido establecida en beneficio de los socios, que son los que pueden alegarla.

[4, 5] En cuanto a que la escritura de venta de Taboas no sea suficiente para probar la acción del tercerista porque habiéndose constituído la sociedad en 1922 con $3,010 los socios venden por $3,842.10 un año después de haber entrado en liquidación la sociedad, diremos que tal hecho no quita validez a las ventas presentadas como prueba pues lo único que demostraría es que la sociedad tuvo buenos negocios por superar el valor de sus existencias al del capital con que se constituyó.

[6] También dice la apelante que el tercerista no probó la existencia de la sociedad, pero no tenía que presentar tal prueba porque ese hecho fué admitido en la contestación a la demanda y después la apelante se encargó de probarlo.

[7, 8] El otro motivo del recurso se funda en que la corte cometió error al declarar con lugar la demanda de tercería. La apelante alega en su contestación a la demanda como materia nueva que las mercancías embargadas son de la exclusiva propiedad de Manuel Sampayo; que la cesión hecha por Sampayo a su cuñado Perales es simulada por no haber mediado causa para ella y que, en cuanto a Ta-

boas, las mercancías quedaron de la propiedad de Sampayo desde que fué disuelta la sociedad en 1924.

La Sucesión Aponte no alegó ni probó que la cesión de Taboas a Perales sea simulada, ni existe evidencia alguna de que todos los bienes de la sociedad quedaron a la expiración de su término de la propiedad de Sampayo. Toda la prueba que presentó tuvo por objeto demostrar que la cesión de Sampayo a Perales fué simulada.

En la escritura de cesión de Sampayo a Perales se dice que el precio de ella es de $2,000 recibidos antes de aquel acto, y presentado Perales como testigo de la demandada declaró que cuando compró a su cuñado Sampayo no le dió nada porque Sampayo le debía $2,000; después declaró que el día de la venta dió a Sampayo $1,000 e inmediatamente dijo que no le dió los $1,000 juntos sino una parte y el resto después poco a poco, hasta terminar de darle los $2,000: también manifestó que los $2,000 los fué dando en varias partidas, siendo la primera de $500 que entregó antes de la compra, no habiendo dado nada a Sampayo el día de la escritura; y después expresó que antes de la escritura nó le dió $500 sino $1,000: que él le entregó a Sampayo los $2,000 antes de la compra y que Sampayo se quedó trabajando en la tienda que le vendió, así como que el testigo no pagaba contribuciones por ese dinero porque no lo tenía declarado pero que sí tenía declaradas otras propiedades en Caguas y en San Juan a los efectos contributivos.

Presentó también la Sucesión Aponte certificaciones del Tesorero de Puerto Rico creditivas de que Justo Perales no tenía declarados bienes en Caguas ni en San Juan en el año económico de 1925–26, y varios testigos quienes manifestaron que al ser notificado Sampayo de la sentencia revocatoria y condenatoria de este Tribunal Supremo dijo el primero y el 2 de febrero de 1925 al abogado de la Sucesión Aponte que no tenía más bienes para pagar la sentencia que su tienda de Caguas.

El conjunto de esa prueba, y especialmente la declara-

ción del comprador Perales, nos convence de que no medió precio en la cesión que Sampayo hizo a Perales y que fué un contrato simulado, aunque se hizo dos días antes de ser dictada nuestra sentencia, pues su declaración plagada de contradicciones en cuanto al pago del precio, el hecho de que Sampayo continuara al frente de la tienda después de haber cedido su participación en ella a Perales y el de haberse demostrado la falsedad de que tenía bienes declarados para las contribuciones nos lleva a ese resultado.

Siendo nula por tal motivo esa cesión; no atacada la enajenación del socio Taboas y no habiéndose demostrado que la liquidación de la sociedad M. Sampayo y Ca. haya terminado, tenemos que llegar a la conclusión de que los socios de la mercantil en liquidación son Justo Perales, como cesionario de la participación que en ella tenía Taboas, y Manuel Sampayo, por lo que Perales no es el único dueño de los bienes embargados, los que pertenecen a la liquidación de la sociedad.

[9] Habiendo llegado a esa conclusión nos resta decidir si los bienes de la sociedad en liquidación pueden ser embargados para cobro de la deuda de uno de sus socios. El Código de Comercio en su artículo 174 dispone que los acreedores de un socio no tendrán, respecto a la compañía, ni aun en caso de quiebra, otro derecho que el de embargar y percibir lo que por beneficio o liquidación pudiera corresponder al socio deudor; y en el caso de *Quintana Hermanos y Ca.* v. *Ramírez y Ca.,* 22 D.P.R. 770, seguido en el de *Central Pasto Viejo Incorporada* v. *Barnés,* 31 D.P.R. 822, hemos declarado que la ley no autoriza al acreedor de un socio para extraer bienes de la sociedad y destruir así prácticamente la vida de la misma; habiendo dicho en el de *Silva Hno. y Cía.* v. *El Registrador,* 28 D.P.R. 180, que una sociedad continúa siendo dueña de sus bienes a pesar de estar en liquidación.

Como resultado de lo expuesto no podían ser embargados los bienes de la sociedad para hacer efectiva la deuda

de uno de sus socios y es procedente el levantamiento del embargo trabado en ellos, por lo que *debemos confirmar la sentencia apelada* en cuanto al particular que dispone que los bienes embargados queden a la libre disposición de M. Sampayo y Ca., *y modificarla en cuanto declara* que los bienes de esa sociedad son del tercerista Justo Perales como cesionario de todos los derechos y acciones que en ella pudieran corresponder a sus dos socios, *pues declaramos nula* la cesión que hizo Manuel Sampayo a Justo Perales y limitado el embargo a lo que por liquidación pueda corresponder a Manuel Sampayo en esa sociedad.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.