SUAU HERMANOS, demandantes y apelantes, *v.* FIDEL GERENA, como defensor de la menor MARÍA ELADIA GONZÁLEZ, y BARTOLO SUAU, demandados y apelado el primero.

No. 3943.—*Visto:* Febrero 9, 1927. *Resuelto:* Junio 14, 1927.

1. EMBARGOS—RECLAMACIONES POR TERCERAS PERSONAS—TERCERÍAS—CUESTIONES A DISCUTIR Y RESOLVER.—La tercería es procedimiento adecuado para discutir el título sobre la propiedad embargada.
2. EMBARGOS—RECLAMACIONES POR TERCERAS PERSONAS—TERCERÍAS—PROCEDENCIA DEL REMEDIO.—Cuando el tercerista presenta un caso *prima facie* a su favor y el que obtuvo el embargo no aporta prueba ni contradice la del tercerista, la tercería debe declararse con lugar.
3. SOCIEDADES—DERECHOS Y RESPONSABILIDADES EN CUANTO A TERCERAS PERSONAS—ACCIONES POR O EN CONTRA DE LAS FIRMAS O LOS SOCIOS—EMBARGOS—BIENES SUJETOS A EMBARGOS—EN GENERAL.—Cuando trabado embargo sobre unos bienes y entablada tercería, de las alegaciones del propio demandado surge el hecho de que el demandado en la acción principal tendría, de no ser el dueño, un derecho indeterminado en ellos como socio de una firma en cuya posesión se embargaron aquéllos, tal derecho no puede tomarse como base para sostener un embargo positivo sobre bienes de dicha sociedad.

Sentencia de *Tomás Bryan,* J. (Aguadilla), declarando sin lugar demanda con costas y honorarios de abogado. *Revocada.*

*José D. Rodríguez,* abogado de los apelantes; *García Méndez & García Méndez,* abogado del apelado.

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Fidel Gerena, como defensor de la menor María Eladia González, solicitó y obtuvo el embargo de cien sacos de café como de la propiedad de Bartolo Suau. Suau Hermanos, sociedad mercantil de Lares, inició entonces este procedimiento de tercería reclamando como suyos los bienes muebles embargados.

Surgieron varios incidentes que es innecesario examinar ahora, celebrándose finalmente el juicio bajo la base de una estipulación en la cual se hizo constar lo que sigue:

"4. Que Suau Hermanos presentó un juramento sobre tercería y mediante prestación de fianza consiguió que el Márshal devolviera dichos cien sacos de café que fueron valorados por el Márshal de la Corte en $2,397.00. Habiéndose hecho el embargo de dichos bienes muebles de acuerdo con la ley sobre aseguramiento de sentencias.

"5. Que la Corte ordenó que el asunto fuera presentado por escrito, formulándose las alegaciones por la parte demandante y por el demandado Fidel Gerena.

"6. Que Pedro Suau y Bartolo Suau eran en la fecha de dicho embargo o sea en 12 de febrero de 1925 y continúan siendo ahora socios gestores de la mercantil Suau Hermanos.

"7. Las partes admiten que Pedro Suau, gestor de Suau Hermanos declararía en corte abierta que los cien sacos de café embargados por el Márshal en virtud de la orden de embargo de referencia, son de la única y exclusiva propiedad de Suau Hermanos, sin que Fidel Gerena como defensor de la menor María Eladia González o Bartolo Suau tengan ningún derecho a dicho café embargado por haberlo adquirido Suau Hermanos en el curso general de los negocios mercantiles."

Fidel Gerena no aportó prueba y antes, al formular el derecho de su representada por escrito, lo hizo en los siguientes términos:

"Por falta de información niega que los cien sacos de café embargados sean de la única y exclusiva propiedad de Suau Hermanos ni que ellos pertenezcan en forma alguna, ni en todo ni en parte a Suau Hermanos, ni que Suau Hermanos los haya adquirido en el curso general de los negocios mercantiles de dicha sociedad, ni en forma alguna, todo esto también por falta de información; negando que Fidel Gerena como defensor de la menor María Eladia González o Bartolo Suau no tengan ningún derecho al café embargado; y alega además el demandado compareciente por información y creencia, que en la hipótesis de que Suau Hermanos sea la dueña del café embargado, el demandado Bartolo Suau como socio de Suau Hermanos tiene un título, derecho e interés indeterminado en los bienes embargados."

Así las cosas la corte de distrito declaró sin lugar la demanda de tercería. De la opinión que emitiera para fundar su sentencia transcribimos lo que sigue:

"La Corte, después de pesar cuidadosamente los méritos de la estipulación presentada en armonía con la declaración aportada por Pedro Suau, no ha quedado satisfecha de que en el café embargado no tenga interés Bartolo Suau; y por el contrario resulta bien claro que Bartolo Suau tiene un interés en el mismo como socio de la mercantil Suau Hermanos.

"Independientemente de este hecho, no ha quedado plenamente establecido que Suau Hermanos sea la dueña exclusiva de dichos bienes, o sea dueña con exclusión de cualquier derecho de Bartolo Suau; y además la Corte no está convencida de que sea éste el procedimiento para discutir el título sobre dicho café, atendida la circunstancia del caso."

No conforme el tercerista apeló para ante esta Corte Suprema, señalando en su alegato la comisión de cinco errores. Sólo será necesario que consideremos tres.

[1] No podemos aceptar como bueno el criterio del juez sentenciador en cuanto a que el procedimiento de tercería no era el apropiado para discutir el título sobre el café embargado. Esa era en verdad la única cuestión a discutir y a resolver. El café se embargó como de la propiedad de Bartolo Suau. La sociedad mercantil Suau

Hermanos pidió que el embargo se anulara porque el café le pertenecía.

[2] Tampoco podemos aceptar como bueno el criterio del juez sentenciador al apreciar la prueba. No debe perderse de vista que se trata de un caso de bienes muebles. La estipulación tiene más alcance que el que le concedió la corte. El ·hecho de haberse embargado el café en posesión de Suau Hermanos y la declaración del socio Pedro Suau, muestran un caso *prima facie* en favor del tercerista. Y no habiendo la parte que obtuvo el embargo presentado prueba alguna, ni siquiera contradicho la declaración de Pedro Suau, la tercería debió haberse declarado con lugar.

[3] Que la parte que solicitó el embargo no tenía completa seguridad de que el café pertenecía a Bartolo Suau individualmente, se deduce de su propia alegación escrita dentro del procedimiento de tercería al sostener que en todo caso Bartolo Suau tendría un derecho indeterminado sobre los bienes embargados como socio de Suau Hermanos. Y al tomar como base ese derecho indeterminado para sostener un embargo positivo sobre bienes determinados de la sociedad, no hay duda alguna que también erró la corte sentenciadora. El embargo se practicó sacando el café del poder de Suau Hermanos y depositándolo en el de otra persona.

La parte apelante cita y es de aplicación el siguiente párrafo de la opinión de esta corte en el caso de *Quintana Hermanos y Co.* v. *S. Ramírez y Co. et al.*, 22 D.P.R. 761, 770. Dice así:

"La sociedad es una persona jurídica distinta de las personas naturales de los socios que la forman. Tal persona jurídica tiene, de acuerdo con la ley, sus derechos y sus obligaciones y uno de esos derechos consiste en adquirir, poseer y disfrutar bienes materiales. Los bienes adquiridos por la sociedad a la sociedad pertenecen y no·individualmente a ninguno de los ‘socios. Los socios tienen un interés en el capital social, pero tal interés sigue el destino de la

sociedad. Sólo cuando ésta se disuelva y liquide, es que los socios adquirirán individualmente para sí lo que les corresponda.''

Un caso que guarda relación con éste fué resuelto hace unos días, el de *Perales* v. *Sampayo,* 36 D.P.R. 897, que debe consultarse.

Por virtud de todo lo expuesto, *procede la revocación de la sentencia recurrida, dictándose otra declarando con lugar la tercería,* sin especial condenación de costas.