J. González & Co., S. en C., demandante y apelada, *v.* José Isabel Aponte, demandado y apelante, e Isidro Falcón Cuadrado, interventor y apelante.

Núm. 7889.—*Sometido:* Diciembre 5, 1939. *Resuelto:* Enero 8, 1940.

---

* Nota: Véase el prefacio.

*Luis Mendín Sabat*, abogado de los apelantes; *R. Arroyo Ríos*, abogado de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Contra la sentencia que declaró con lugar la demanda de este caso, el demandado y el interventor interpusieron este recurso. Dos veces solicitó la demandante apelada su desestimación y en las dos ocasiones se denegaron sus pretensiones. Finalmente vamos a considerarlo ahora en sus méritos.

Conforme aparece de los autos, el demandado José Isabel Aponte era dueño de la finca rústica descrita en la demanda y en un pleito en cobro de dinero que siguió la mercantil demandante contra el expresado José Isabel Aponte, se declaró con lugar la demanda y en satisfacción de la sentencia el márshal de la corte municipal otorgó a favor de la demandante escritura de venta judicial de dicha finca el 19 de febrero de 1938.

El primero de julio siguiente la referida mercantil radicó la demanda de este caso en la Corte de Distrito de Humacao y el día señalado para la primera comparecencia, el 22 de dicho mes, comparecieron la demandante, el demandado y el interventor Isidro Falcón Cuadrado. En aquel acto y en presencia de las partes, manifestó Aponte a la corte que el dueño de la finca era el interventor Falcón Cuadrado y que él, Aponte, venía ocupándola desde el primero de julio de dicho año a virtud de arrendamiento celebrado con Falcón Cuadrado, habiéndole pagado $50 por concepto de dicho arrendamiento. La corte inferior pospuso la primera comparecencia para una fecha próxima, compareciendo de nuevo las partes, la demandante asistida del abogado Sr. R. A. Arroyo, el demandado en su propia representación y el interventor asistido de su letrado Sr. Luis Mendín Sabat. Se señaló

día para la segunda comparecencia y en dicha fecha fué sometido el caso por la prueba documental ofrecida en la primera.

La corte, por los méritos de la prueba, declaró con lugar la demanda y decretó el desahucio del demandado.

■ El único error señalado por los apelantes es el de haber resuelto la corte el conflicto de la prueba a favor de la demandante. La mera enunciación del señalamiento de error es su mejor refutación. Si hubo conflicto de prueba, al dirimirlo la corte a favor de una de las partes, este tribunal no alterará la conclusión de la corte sentenciadora en ausencia de una demostración de pasión, prejuicio o parcialidad, o de error manifiesto en la apreciación de la prueba. *Matías* v. *Schweitzer,* ante, pág. 764.

■ Arguyen además los apelantes que en este caso existió un conflicto de título y que por consiguiente la corte sentenciadora erró al dirimirlo dentro de este procedimiento de desahucio.

A nuestro juicio no hubo tal conflicto de título que impidiese a la corte seguir conociendo del caso hasta su final determinación. Para que tal conflicto exista no basta su mera alegación y la presentación de un título manifiestamente inexistente. Es necesario que se aduzca evidencia tendente a demostrar que las pretensiones del demandado son *bona fide.*

En el caso de *Puerto Rico Leaf Tobacco Co.* v. *Colón,* 50 D.P.R. 303, 306, citado por el apelado, refiriéndose a la índole del título capaz de producir un conflicto que no pueda ser dirimido dentro del procedimiento de desahucio dijo este tribunal:

"La cuestión en controversia es si la contención de dueño planteada por el demandado es tan evidentemente insubstancial e insostenible que no merezca seria consideración o si la prueba en apoyo de la misma era suficiente para suscitar una cuestión digna de ser resuelta por las cortes. Es cuestión bien establecida que reclamaciones opuestas de título, si son *bona fide,* no pueden ser juzgadas y resueltas en un procedimiento de desahucio. Un pretexto baladí a ese respecto será pasado por alto. Una cuestión aparentemente *bona fide,* sostenida por prueba que sea suficiente para demostrar

algún color de la existencia de un derecho, evidencia suficiente para presentar una cuestión genuina de título, justificará y requerirá la desestimación del procedimiento. No nos detendremos a revisar los casos ya resueltos. Véanse Sentencia del Tribunal Supremo de España del 12 de mayo de 1919 (146 Jurisprudencia Civil 281, 288); · *Segundo González* v. *Colón,* 49 D.P.R. 557; *Lippitt* v. *Llanos,* 47 D.P.R. 269; *Laureano* v. *Díaz,* 48 D.P.R. 705; *Brunet* v. *Corte,* 45 D.P.R. 901, 903; *Schuck* v. *Verdejo,* 43 D.P.R. 68, 955; *Rubert Hnos.* v. *Hernández,* 43 D.P.R. 960; *Mojica* v. *González,* 43 D.P.R. 999, 1000; *Ermita* v. *Collazo,* 41 D.P.R. 596; *Sucn. Dávila* v. *Collazo,* 41 D.P.R. 174.''

Véase al mismo efecto *Cora* v. *Belgodere,* 55 D.P.R. 10, 13.

Examinemos ahora en qué consistió el alegado título del interventor. El día señalado para la primera comparecencia el demandado Aponte informó al tribunal en presencia del interventor que él había vendido a éste la finca objeto del pleito y que el demandado la ocupaba desde el primero de julio (mes en que se celebró la primera comparecencia) a virtud de contrato de arrendamiento que había celebrado con el interventor, habiéndole satisfecho la cantidad de $50 en relación con dicho contrato. Se presentó por parte del interventor la escritura número 6 de 14 de febrero de 1938 otorgada por el demandado a favor del interventor ante el notario Sr. Mendín, abogado del demandado y del interventor en este recurso, en la que se expresa que en 2 de abril de 1933 el demandado y su esposa, fallecida en la fecha de la escritura, habían vendido verbalmente al interventor la finca en controversia por el precio de $1,500 y que al celebrar dicho contrato oral el interventor pagó a cuenta del precio la cantidad de $1,000, habiéndose convenido que los $500 restantes los pagaría el interventor en el acto de otorgarse la correspondiente escritura. No se fijó fecha para el otorgamiento de tal escritura y consecuentemente tampoco se señaló el vencimiento del precio aplazado. Cinco años transcurrieron desde la celebración del supuesto contrato verbal en 1933 hasta el otorgamiento de esta escritura en 1938, y durante todo ese tiempo, conforme se desprende de los autos, el ven-

dedor continuó en la posesión de la finca sin pagar canon o merced alguna al comprador, a pesar de haber recibido la respetable suma de $1,000 que constituía las dos terceras partes del precio. El único requerimiento que hiciera el interventor al demandado sobre entrega de la finca es una carta dirigida por el interventor al demandado, presentada por este último en evidencia, la que por su brevedad transcribimos a continuación:

"Bayamón, Puerto Rico, 10 de mayo de 1938.—Sr. don José Isabel Aponte, Aguas Buenas, Puerto Rico.

"Estimado amigo:

"Usted sabe que cuando yo le compré a usted y a sus hijos, por escritura de fecha 14 de febrero del corriente año, ante el Notario Licdo. Luis Mendín Sabat, la finca de 23 cuerdas en el barrio Mulitas de Aguas Buenas, yo le advertí a usted y a sus hijos que necesitaba que dentro de un término de dos meses, a contar desde la fecha de dicha escritura, me desocuparan la finca, porque pensaba arrendarla, y como ha transcurrido con exceso el plazo que les concedí, le suplico, como amigo, que me desocupen la finca lo más pronto posible, pues en caso contrario tendré que hacer uso ante los tribunales del derecho que la ley me concede como dueño.

"También les advierto que me he enterado de que ustedes han utilizado maderas de la finca sin mi consentimiento, y esto me perjudica y no es correcto.

"Así es que les prohibo terminantemente que me sigan cortando maderas en la finca y les requiero que me la desocupen sin ulteriores avisos.

"De usted afectísimo amigo y s. s., (fdo.) Isidro Falcón." (T. de E., pág. 26.)

Demuestra la transcrita carta que por lo menos hasta el 10 de mayo de 1938, fecha de la misma, el demandado venía ocupando la finca sin pagar canon o merced alguna desde el supuesto contrato verbal de 1933, y demuestra algo más, y es que no fué hasta el 10 de mayo de 1938 que el interventor, no obstante haber pagado las dos terceras partes del precio, realiza su primer acto de dominio prohibiendo al demandado que continúe utilizando maderas de su finca sin su consentimiento.

Esta evidencia no fué ni pudo ser creída por la corte inferior. La supuesta transacción, por lo inverosímil, demuestra que no es *bona fide,* y siendo así, actuó correctamente la corte sentenciadora al no estimar la existencia de un conflicto de título y resolver el caso en sus méritos.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*

El Juez Presidente Sr. Del Toro no intervino.