DELGADO, DEMANDANTE Y APELANTE, *v.* PIMENTEL ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso de desahucio en precario.

No. 1146.—Resuelto en junio 8, 1914.

DESAHUCIO—CONFLICTO DE TÍTULOS—NATURALEZA DEL JUICIO DE DESAHUCIO.— Si bien es verdad que en el procedimiento de desahucio no cabe discutir cuestiones de dominio suscitadas por conflicto de títulos entre demandante y demandado, dicha doctrina no es de aplicación a este caso, porque no existe tal conflicto de títulos.

ID.—TÍTULO DEL DEMANDANTE—ADQUISICIÓN EN PÚBLICA SUBASTA.—Apareciendo
que el demandante adquirió la finca ocupada por el demandado, por compra
en la ejecución de una sentencia dictada contra el propio demandado, por
virtud de la cual se ordenó la venta en pública subasta de la finca en cues-
tión, *se resolvió:* que el demandante tiene derecho para pedir que el deman-
dado desocupe la finca.

CONOCIMIENTO JUDICIAL—RESOLUCIONES DICTADAS POR EL TRIBUNAL SUPREMO
EN OTROS CASOS—STARE DECISIS.—Este tribunal debe dar efectos legales
a sus resoluciones y aplicarlas a los casos que se resuelvan con posterioridad,
aunque no sean invocadas por las partes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Miguel Juan Llaneras.*

Abogado del apelado: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

El presente es un caso de desahucio, procedente de la
Corte de Distrito de Mayagüez. En la demanda se alega
que el demandante es dueño de cierta casa por haberla adqui-
rido por compra en pública subasta celebrada en la ejecución
de la sentencia dictada por la Corte Municipal de San Ger-
mán en un pleito seguido por Juan Ortiz Perichi contra los
demandados José Antonio Pimentel y José Antonio Pimen-
tel conocido por Toñito Pimentel, y contra Emilia Pimen-
tel. Se alega además en la demanda que los demandados
habitan la referida casa contra la voluntad del demandante,
sin pagar merced alguna, detentando así la posesión y dis-
frute de la misma, y en la súplica se pide a la corte que dicte
sentencia condenando a los demandados a que desalojen la
casa y la dejen a la libre disposición de su dueño el deman-
dante, con imposición de las costas y demás pronunciamien-
tos de ley.

La parte demandada contestó negando general y especí-
ficamente todos los hechos de la demanda, y, celebrada la
segunda comparecencia el 16 de marzo de 1914, la corte de
distrito, el 14 de abril de 1914, dictó sentencia declarando sin
lugar la demanda. Contra dicha sentencia interpuso el de-
mandante el presente recurso de apelación.

Fúndase la sentencia recurrida en que siendo la verdadera cuestión envuelta en este caso la de cuál de las partes tiene un título mejor sobre la casa objeto de la demanda, no cabe discutirla y resolverla dentro de este procedimiento especial de desahucio.

A nuestro juicio la doctrina invocada por la corte sentenciadora en correcta, pero un examen de las pruebas practicadas no demuestra que la cuestión a decidir sea la indicada por la corte de distrito.

La parte demandante probó por medio de la escritura pública otorgada al efecto, que había comprado la casa en cuestión en la ejecución de la sentencia dictada en el pleito seguido por Juan Ortiz Perichi contra los mismos demandados en este caso de desahucio.

La parte demandada presentó comó prueba: (*a*) un expediente judicial sobre partición de herencia, en el que consta adjudicada la casa objeto del desahucio a Juan Ortiz Perichi y a los demandados Pimentel, y (*b*) el pleito seguido en la Corte Municipal de San Germán, por Juan Ortiz Perichi contra los demandados Pimentel, sobre partición o venta en pública subasta de la casa a que se refiere. el desahucio, cuyo pleito se hallaba pendiente en apelación en la Corte de Distrito de Mayagüez.

Lo primero que llama la atención es el hecho de cómo ha podido ejecutarse la sentencia dictada por la Corte Municipal de San Germán en el pleito seguido por Ortiz contra los Pimentel, si éstos apelaron de ella para ante la Corte de Distrito. El juez sentenciador, explica dicho hecho así:

"* * * La razón por la cual este caso número 4541 se halla pendiente de apelación y al mismo tiempo se ha ejecutado la sentencia dictada en el mismo por la Corte Municipal de San Germán, es la siguiente: La Corte Municipal de San Germán, dictó sentencia en dicho caso a favor del demandante Ortiz Perichi, en 18 de noviembre de 1913; en 25 de noviembre de 1913, el Abogado José Sabater a nombre del demandado Pimentel remitió bajo sobre certificado al secretario de la Corte Municipal de San Germán, Alvaro Fernández, la notifica-

ción del escrito de apelación, e igual notificación por correo hizo al abogado del demandante Ledo. Juan Llaneras, quien también reside en San Germán, siendo la residencia del Abogado del demandado Ledo. Sabater en Mayagüez; el Ledo. Miguel Juan Llaneras recibió la notificación de apelación, el día 26 de noviembre de 1913, y aunque la notificación de la apelación para el secretario de dicha corte llegó a San Germán el mismo día, 26 de noviembre de 1913, el secretario no retiró dicho escrito de la oficina del correo hasta el 1º. de diciembre de 1913, fecha en que registró en los autos el escrito de apelación; el Abogado Miguel Juan Llaneras solicitó y obtuvo del secretario de la corte municipal que expidiera el mandamiento de ejecución de la sentencia dictada por entender que el escrito de apelación había sido radicado fuera de término, y así también lo consideró la Corte Municipal de San Germán, declarando que la sentencia estaba firme y que la apelación no había sido debidamente interpuesta. Elevado este caso a esta corte, se promovió la cuestión por el mismo Abogado Miguel Juan Llaneras, a nombre del demandante Ortiz Perichi, y esta corte ha resuelto que dicha apelación fué debidamente interpuesta, por cuya razón dicho caso se halla pendiente de juicio ante esta corte.''

La exacta cuestión relativa a la existencia o no existencia del recurso de apelación de que se trata, fué ampliamente considerada y resuelta en sentido negativo por esta Corte Suprema en el caso de *Delgado et al.* v. *Hutchison, Juez de Distrito,* sobre *certiorari,* decidido el 22 de mayo de 1914. Dando como debemos dar efectos legales a dicha resolución, tenemos que llegar a la conclusión de que, cuando este pleito de desahucio fué resuelto por la Corte de Distrito de Mayagüez, no existía ninguna apelación pendiente contra la sentencia dictada por la Corte Municipal de San Germán en el repetido pleito seguido por Ortiz contra los Pimentel, siendo, por el contrario, dicha sentencia enteramente firme por no haberse registrado contra ella en la secretaría de la corte municipal recurso de apelación alguno dentro del término de ley.

En tal virtud todo el derecho que sobre la casa en cuestión tenían los demandados Pimentel, pasó por la venta llevada a efecto en la ejecución de la sentencia, al demandante en este caso. Desde el momento de la venta, terminó el derecho de los demandados para seguir ocupando la casa y co-

menzó el del demandante para disfrutar en toda plenitud del dominio adquirido sobre ella. No se trata, pues, de un conflicto de títulos. El título del demandante trae precisamente su origen del título de los demandados. Al venderle el márshal, le vendió en nombre y representación de Ortiz Perichi y de los demandados Pimentel.

Habiendo en consideración todo lo expuesto, opinamos que debe declararse con lugar el recurso, revocarse la sentencia apelada y dictarse otra declarando con lugar la demanda, sin especial condenación de costas.

> *Revocada la sentencia apelada y dictada otra*
> *a favor del demandante ordenando el lan-*
> *zamiento de los demandados sin especial*
> *condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.