LAFONTAINE ET AL., DEMANDANTES Y APELADOS, *v.* LAFONTAINE ET AL., Y PÉREZ, HERNÁNDEZ Y MEDINA, DEMANDADOS Y APELANTES LOS TRES ULTIMOS.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre desahucio.

No. 2448.—Resuelto en marzo 10, 1922.

DESAHUCIO—ALEGACIÓN DE TÍTULO ADVERSO.—Las decisiones del Tribunal Supremo indican que hasta cierto punto cuando un demandado está en posesión, por virtud de una legítima alegación de título una corte no dictará sentencia de desahucio, sino que ordenará que el demandante pruebe la virtualidad de su título por otros medios. Pero nunca han resuelto que una mera alegación de título sin más pueda destruir la acción posesoria de un demandante. Por el contrario, la tendencia general de las decisiones es que debe haber tal demostración de la posesión bajo una alegación de título adverso que convencería a la corte sentenciadora de que había una verdadera cuestión litigiosa sobre el título entre las partes.

Los hechos están expresados en la opinión.

Abogados de los apelados: *Sres. A. Brusi* y *L. Mercader.*

Abogado de los apelantes: *Sr. A. Suliveres.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los apelantes en este caso son Vicente Pérez, José Hernández y Joaquín Medina. Fueron demandados y contra ellos se dictó sentencia en un caso de desahucio. La corte inferior en su opinión declaró que el demandante había probado tanto su título como su posesión que databa de un número de años y hasta la fecha del pleito, y que los demandados no podían continuar ocupando la finca ni promover cuestiones tendentes a anular los títulos del demandante. Las decisiones de este tribunal indican que hasta cierto punto cuando un demandado está en posesión por virtud de una legítima alegación de título una corte no dictará sentencia de desahucio, sino que ordenará que el demandante pruebe la virtualidad de su título por otros medios. Pero nunca hemos resuelto que una mera alegación de título sin más pueda destruir la acción posesoria de un demandante. Por el contrario, la tendencia general de nuestras decisiones es que debe haber tal demostración de la posesión bajo una alegación de título adversa que convencería a la corte sentenciadora de que había una verdadera cuestión litigiosa sobre el título entre las partes. No emplearemos mucho tiempo en discutir qué prueba es necesaria, porque convenimos con la corte inferior bajo cualquier aspecto del caso en que los demandados no presentaron prueba suficiente de la posesión a virtud de un título.

El demandado Hernández tal vez presentó la mejor defensa. Dijo que era un arrimado de los hermanos Hess y que su posesión dependía de la de ellos. La prueba, sin embargo, no tendía a identificar la finca de la cual estaba en posesión como parte de los terrenos que poseían los hermanos Hess. Uno de estos últimos fué llamado como testigo y aunque dijo que Hernández era su arrimado, no precisó la parte que poseía en la finca del demandante que se reclamaba, sino que, por el contrario, dijo que su terreno no estaba comprendido dentro de las trescientas cuerdas objeto de

este pleito.    Hernández aparentemente sólo había estado en la finca por poco tiempo.

Los otros dos demandados aunque vagamente trataban de alegar un título por prescripción extraordinaria, no probaron ninguna posesión por virtud de una verdadera alegación de título, sino que más bien intentaron atacar la suficiencia del título del demandante.    Ellos ni siquiera formularon una contestación a la demanda y podía dictarse sentencia contra ellos por esta rebeldía como indica la corte inferior.

Todo lo que estos dos demandados podían alegar era que habían estado en la finca por un número de años por tolerancia de sus dueños.    No se demostró una posesión adversa de treinta años.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.