ROSA MARRERO, demandante y apelada, *v.* JOSÉ PLUMEY, demandado y apelante.

No. 3795.—*Visto:* Enero 12, 1926. *Resuelto:* Julio 30, 1926.

1. DESAHUCIO—DESAHUCIO EN PRECARIO—PROCEDENCIA DEL MISMO—POSESIÓN DEL DEMANDADO BAJO CONTRATO CON ANTERIOR DUEÑO—CONFLICTO DE TÍTULOS—ALEGACIÓN DE TÍTULO INDEPENDIENTE DEL DEL·DEMANDANTE—EN GENERAL.—

En acción de desahucio, la mera alegación por el demandado de un título independiente del del demandante y la presentación de alguna prueba tendente a probar tal alegación no derrota la acción ni obliga al demandante a recurrir a una acción reivindicatoria.

2. DESAHUCIO—DESAHUCIO EN PRECARIO—PROCEDENCIA DEL MISMO—POSESIÓN DEL DEMANDADO BAJO CONTRATO CON ANTERIOR DUEÑO—CONFLICTO DE TÍTULOS—ALEGACIÓN DE TÍTULO INDEPENDIENTE DEL DEL DEMANDANTE—PRUEBA SOMETIDA SOBRE EL MISMO NO CREÍDA Y EFECTO.—Cuando en acción de desahucio el demandado afirma un título independiente, si la corte no cree la prueba sometídale respecto al mismo, no cabe decir que dicho demandado ha suministrado el principio de prueba a que se refiere la jurisprudencia.

3. DESAHUCIO—DESAHUCIO EN PRECARIO—PROCEDENCIA DEL MISMO—COMPRADOR NO OBLIGADO POR CONTRATOS DE SUS PREDECESORES EN DERECHO.—Un comprador no viene obligado a respetar un contrato hecho por sus predecesores en derecho del cual no tiene conocimiento.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), declarando con lugar la demanda, con costas. *Confirmada.*

*García Méndez & García Méndez,* abogados del apelante; *Alberto García Ducós,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante, cuya posesión de una finca se alegaba que era en precario, se defendió en un juicio de desahucio fundándose en que Calcerrada Bernal & Co., cedentes de la demandante, habían convenido y consentido que el apelante construyera una casa en dicha finca. La contestación también alegaba que dichos cedentes habían otorgado un documento según el cual el citado demandado no tenía que pagar ninguna renta y que cuando se efectuó la venta a Rosa Marrero dichos cedentes notificaron expresamente a ella del permiso dádole y del convenio hecho con José Plumey, el demandado-apelante, e impusieron la condición de que Rosa Marrero respetara la posesión de José Plumey.

La corte substancialmente llegó a los siguientes hechos y conclusiones: 1, Que Rosa Marrero era dueña de la finca que se describe en la demanda; 2, Que dicha finca la adquirió Rosa Marrero por compra a ciertos cedentes mencionados en una escritura otorgada ante un notario; 3, Que el demandado ocupa esa finca sin pagar nada por ella; 4, Que la posesión ha sido solicitada y rehusada; 5, Que no

existe, propiamente dicho, un conflicto de títulos en este caso; 6, Que Rosa Marrero nunca reconoció derecho alguno al demandado respecto a toda o parte de la finca objeto de este pleito, ni mucho. menos permitió dejar a Plumey eternamente poseyendo toda o parte de la finca que compró; 7, Que la posesión del demandado no ha sido con entera independencia de la demandante.

Nos sentimos obligados a convenir con la apelada, y por tanto con la corte, que la mera aserción de un título independiente y de alguna prueba tendente a probar tal aserción no echará a perder un pleito de desahucio, ni obligará al demandante a recurrir a una acción reivindicatoria. Hemos resuelto lo contrario en el caso de *Lafontaine* v. *Lafontaine,* 30 D.P.R. 194. Si la corte no cree la prueba sometídale., no se puede decir que el demandado ha suministrado el principio de prueba a que se refiere la jurisprudencia. Según indica la apelada, si la proposición alegada fuese cierta, en muchos casos la ley de desahucio sería enteramente abortiva.

Según la apelada el documento privado, entre dichos cedentes y Plumey tenía indicios de haber sido escrito recientemente y después de haberse entablado el pleito. La corte tenía derecho a no darle crédito. Evidentemente la corte no creyó al testigo Bernal cuando declaró que había notificado al esposo de Rosa Marrero de la existencia de un convenio privado. El esposo negó que se le hubiese hecho tal notificación a él. Era el deber de Bernal y sus socios hacer constar la condición en la escritura. El notario y por lo menos uno de los testigos de la escritura negaron que hubiera conversación alguna al tiempo de otorgarse la misma, tendente a demostrar un convenio por parte de la compradora de respetar la posesión de Plumey. La corte tenía derecho a creer que el demandado no estaba en posesión del terreno en una forma distinta a cualquier otra persona a quien los causantes en derecho de la demandada les hubie-

ran permitido construir. El registro no mostraba nada y se ofreció como prueba la escritura de la demandante.

Un comprador no está obligado a respetar un contrato hecho por sus predecesores en derecho del cual no tiene conocimiento. Este es el resultado del sistema de registro vigente en Puerto Rico. *Torres* v. *Lothrop, Luce & Co.,* 231 U. S. 171; el mismo caso en 16 D.P.R. 180, y muchos otros. Además, es la ley escrita en Puerto Rico que un comprador no está obligado a respetar la posesión de un supuesto arrendatario. Artículo 1474 del Código Civil; *Angleró* v. *Fernández,* 31 D.P.R. 262; *Cuesta* v. *Ortiz,* 29 D. P.R. 494. Las condiciones que dieron lugar al arrendamiento en este último caso eran enteramente distintas.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison no intervino en la resolución del caso.