MANUEL MARÍA MOLINA, demandante y apelante, *v.* CELEDONIO MOLINA, demandado y apelado.

Núm. 7752.—*Sometido:* Noviembre 17, 1938. *Resuelto:* Febrero 8, 1939.

*Luis Mercader*, abogado del apelante; *Reyes Delgado & Mercado,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la .opinión del tribunal.

En este caso de desahucio en precario el demandante alega que es dueño de una finca rústica que compró a Domingo Mena por escritura pública de 18 de agosto de 1934; que Mena la adquirió a su vez por compra en pública subasta celebrada a virtud de un procedimiento judicial en cobro de un pagaré otorgado por el antiguo dueño de la finca, el demandado Celedonio Molina; y que éste detenta la finca sin pagar canon o merced alguna.

Después de hacer una negación general de los hechos expuestos en la demanda, alegó el demandado que él y Domingo Mena se pusieron de acuerdo para que Mena comprase la finca en la subasta, comprometiéndose a devolverla al demandado Celedonio Molina tan pronto como éste le pagase a Mena la cantidad pagada por éste en el remate, más sus intereses legales; que al vencerse el término fijado para la redención, el demandante Manuel María Molina, hermano del demandado, facilitó a éste el dinero necesario para redimir la finca, conviniéndose entre ambos que el título pasaría al demandante Manuel María Molina y que el demandado continuaría en posesión de la finca, trabajándola, y permitiría que los productos de la misma, cañas y frutos menores, fuesen entregados a la Central Cambalache a nombre del demandante, quien aplicaría el precio de dichos productos al pago de la suma facilitada por él al demandado; que de acuerdo con lo convenido, el demandante ha cobrado ya todo lo que el demandado le adeudaba; que el demandado

no ha abandonado nunca la finca y que ésta es de su exclusiva propiedad; que el demandado es un jefe de familia, casado y padre de dos hijos menores de edad con quienes ha vivido siempre y vive en la actualidad en la finca en cuestión en donde tienen establecido su hogar seguro (*homestead*).

Celebrada la vista ante la Corte de Distrito de Arecibo dictó ésta sentencia desestimando la demanda por entender que el desahucio no es el procedimiento adecuado para ventilar la controversia entre las partes. En su opinión y sentencia el tribunal inferior se expresó así:

"La evidencia aportada en el juicio, en conjunto, nos presenta una situación complicada que de ser resuelta en este procedimiento, nos saldríamos de la esfera de acción sumarísima del mismo.

"El demandado Celedonio Molina fué demandado en la corte Municipal y como consecuencia de un embargo en ejecución se puso en pública subasta la finca que es objeto de este pleito de desahucio. Entonces Molina habló a Domingo Mena para que la rematara por una pequeña suma, con el propósito, según afirma, de que Mena se cobrase con frutos el importe del remate y Molina no perdiera la finca. Mena dice que es verdad que le habló para tal remate, pero que él lo dejó en la finca por pura condescendencia. La realidad es que algún acuerdo tuvo que haber entre ambos, cuando Molina siguió viviendo y trabajando en la propiedad.

"La historia de Celedonio Molina, en el segundo capítulo, es que se convino después que Mena pasase el título a su hermano Manuel, que es el demandante en este pleito, para ser pagado el precio a plazos, pero con el propósito de que el hermano respondiera, pagara con el producto de la finca, y después de pagar a Mena, se la dejara al demandado Celedonio. Tanto Mena como Manuel Molina niegan esto, pero lo cierto es que Manuel no desembolsó un centavo como precio de la propiedad, y que los pagos que hizo fué con el dinero obtenido como producto de la finca. Además, el demandado siguió en la finca y desde hace un año no sólo la posee, sino que ha celebrado contrato y entregado cañas a la Central Cambalache, producidas y cortadas por él.

"Es verdad que el título de Mena a Manuel Molina nada muestra que no sea una venta absoluta, pero los hechos y hasta ciertas contestaciones de los mismos testigos de la parte demandante, nos

llevan a la conclusión de que el demandado no está en la finca como un mero poseedor en precario.

''Puede que en un juicio declarativo el demandado tenga que salir de la finca, aun aceptando que no tenga derecho de hogar seguro, pero algún derecho puede serle reconocido al demandado a virtud de esas relaciones entre ambas partes. Mientras más pensamos la prueba nos convencemos que a algún arreglo equitativo puede llegarse por ambos hermanos, que no podría resolverse, en este procedimiento sumario, ya que si declaramos con lugar la demanda, tendríamos que aceptar que el demandado está en la finca sin derecho alguno.''

Para sostener su recurso el demandante apelante señala como errores de la corte inferior (a) haber resuelto que no procede el desahucio en precario y (b) haber apreciado erróneamente la evidencia, deduciendo de ella conclusiones contrarias a derecho. Ambos señalamientos pueden ser considerados conjuntamente.

No tenemos duda alguna de que el demandante probó satisfactoriamente que él tiene un título bueno y suficiente que le da derecho a la posesión del inmueble y a desahuciar al detentador de su posesión. El título que ostenta el demandante es el mismo que tenía el demandado antes de que su finca fuera vendida en subasta pública para satisfacer una sentencia dictada en su contra. La prueba documental establece un caso prima facie a favor del demandante.

Examinemos la testifical. Declaró el demandante que él compró la finca en 1935; que el demandado es su hermano y vive en la finca sin pagar nada y sin tener arrendamiento; que él no ha botado al demandado por ser su hermano pero que antes del desahucio le avisó para que se fuera. Al ser repreguntado dijo: que el demandado tiene derecho a la casita que hay en la finca; que cuando él compró a Mena se fué a trabajar la finca en 1935 y estuvo trabajándola hasta 1936 y que dejó de trabajarla porque el demandado sacó una daga y le dijo que si entraba lo picaba y entonces él se retiró; que él pagó $200 por la finca a Mena en su casa, del 1935 en adelante, garantizándole los pagos con tres cuerdas de

terreno de su propiedad; que no entregó dinero a Mena el día de la compra y sí se lo entregó al tiempo vencido que fué al año, porque entonces tuvo que ir a trabajar la finca porque necesitaba; que él cultivaba la finca con su persona, peones y bueyes; que el dinero para pagar a Mena el precio de la finca lo trajo de la finca y de su capital que tuvo que meter allí, de su trabajo; que su hermano el demandado nunca trabajó en la finca, que trabajaba en la hacienda; que antes de él comprar su hermano el demandado ofreció pagar a Mena $200 por la finca, y al vencerse el término y no poder hacerlo le dijo al demandante: "Antes que otro compre, compra tú, y me dejas en la finca"; que él compró y tuvo que dejarlo allí porque era su hermano; que no es cierto que él garantizara ninguna deuda de su hermano a Mena como precio de la finca; que después de dejar allí a su hermano éste se hizo dueño y trató de quitarle la finca y cogió los productos, en el año 1936; que el declarante le pagaba a Mena de año en año según lo que produjera la finca, pues es una finca que no se puede trabajar en seguida; que después de comprar la finca en 1929, Mena siguió trabajando en la finca y sembró cañas y más tarde la arrendó a los hermanos Centeno, mientras el demandado siguió viviendo en la casita, la cual nada tiene que ver con la finca; que cuando él compró se hizo cargo de la finca al momento y tuvo que resembrarla hasta que la levantó, sembrando cañas, 400 matas de guineos y yautías, mientras el demandado continuaba viviendo en la casita y trabajando a jornal en la hacienda; que su hermano se armó con la finca en 1936 y que él lo dejó por tratarse de un hermano y para evitar que su hermano matara a alguna persona; que el declarante debe aún a Mena $75 del precio de compra convenido; que su hermano el demandado desde que se armó con la finca no la ha trabajado y lo único que ha hecho es cosechar y comerse lo que sembró el demandante. Esta declaración aparece corroborada en lo substancial por la del testigo Eustaquio Rosario.

Declaró el demandado que cuando se sacó la finca a remate él llamó a Mena y le dijo: "Saque la finca para yo pagársela a usted"; que Mena convino que el demandado le pagase poco a poco con sus intereses y que entonces él, el demandado, arrendó la finca a los Centeno por $10; que los Centeno le pagaron un año adelantado y el dinero que le pagaron él lo entregó a Mena pero no le pidió recibo.

Como prueba de *rebuttal* el demandante presentó al testigo Domingo, quien declaró que él compró la finca en el remate; que el demandado le debía unos $40; que una noche se presentó el demandado y le dijo: "Mire, la propiedad la ejecutan mañana, y usted sáquela antes de otro porque se ha portado usted bien conmigo, porque quiero que cobre sus chavos, y me deje allí, si quiere"; que el declarante le contestó: "La sacaré y te dejaré" y el demandado se quedó allí en su casita; que él no hizo ningún convenio con el demandado; que el declarante siguió trabajando la finca donde sembró caña; que arrendó dos cuerdas a Centeno, quien le pagó el arrendamiento; que la caña la sembró Eustaquio Rosario, pagando los gastos el declarante; que después el demandado dijo que no se acercara nadie por la finca porque le picaría el pescuezo, pues la finca era de él; que él le hizo al demandado la proposición de que le diera $200 a fin de julio, pero pasó el término y el demandado ni pagó ni se presentó; que el hermano se presentó y le ofreció $300, de los que le debe aún $75; que el demandado no tuvo nada que ver con ese negocio; que después de comprar la finca el demandante siguió trabajándola, sembrando cañas, café y guineos.

No existe a nuestro juicio conflicto de títulos en el caso de autos. Las meras alegaciones del demandado, que no han sido corroboradas por evidencia alguna y sí controvertidas por las del demandante y sus dos testigos, no son por sí solas bastantes para establecer un principio de prueba a favor del demandado. Véase: *Pérez* v. *Castro,* 52 D.P.R. 274. La corte inferior erró al desestimar la demanda.

*Por las razones expuestas se revoca la sentencia recurrida y se devuelve el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Presidente Sr. Del Toro no intervino.

El Juez Asociado Sr. Hutchison disintió. *