JUAN A. FARÍA, demandante y apelante, *v.* JUAN NEGRÓN y su esposa PETRA GARCÍA, TOMASA NEGRÓN, JUAN GONZÁLEZ y ANTONIO NEGRÓN, demandados y apelados.

Núm. 7781.—*Sometido:* Abril 11, 1939. *Resuelto:* Junio 2, 1939.

*Pedro M. Porrata,* abogado del apelante; *Ramón A. Gadea,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Ésta es una acción de desahucio en precario. De una sentencia en que se declara sin lugar la demanda y se le condena a pagar las costas con más $100 para honorarios

·de la parte demandada, el demandante interpuso esta apelación.

Además de los hechos comunes a acciones de esta naturaleza, se alega en la demanda que por escritura pública número 29, otorgada el día 3 de julio de 1935, el demandante adquirió por compra, de Mario Mercado Montalvo, una finca de tres cuerdas ochenta céntimos, radicada en el barrio Sabanetas, de Ponce, con casa de madera, y que los demandados, sin título alguno, la detentan.

Contestaron los demandados negando haber vendido dicha finca y alegando en contrario que en 3 de julio (*sic*) de 1934 tomaron a préstamo a Mario Mercado Montalvo mil dólares al 9% de interés, por un año con otro de prórroga, constituyendo en garantía de tal préstamo una hipoteca en la forma de venta con pacto de retro, sobre la finca, excluyendo la casa, no habiendo nunca vendido la referida propiedad, aunque ello aparezca así de la escritura de compraventa núm. 17, otorgada el día 11 de mayo de 1934 por ellos a favor de Mario Mercado Montalvo. El resto de las alegaciones de la contestación son las propias de estos pleitos.

El fundamento principal de la sentencia recurrida fué que en este pleito ". . . hay envueltas cuestiones de derecho más o menos controvertibles, toda vez que los demandados alegan que no convinieron con don Mario Mercado Montalvo (de quien deriva su alegado título el demandante Faría) una venta absoluta y sí una hipoteca por mil dólares en la forma de venta con pacto de retro, y tal alegación no está desnuda de toda prueba."

El apelante señala en su alegato dos errores, que pueden discutirse conjuntamente, pues en ambos se le atribuye a la corte sentenciadora el haber errado al declarar que existe un conflicto de títulos.

■■ La prueba documental del apelante consistió de las dos escrituras de compraventa ya mencionadas al exponer los hechos, por virtud de las cuales los demandados vendie-

ron a Mario Mercado en 11 de mayo de 1934 y éste al demandante en 3 de julio de 1935. La oral consistió de la declaración del abogado Pedro M. Porrata, ante quien se otorgaron ambas escrituras, y a la sazón abogado del demandante. Los demandados no ofrecieron prueba documental; se limitaron a impugnar el título del demandante con la declaración de Juan Negrón y de Petra García. En esas circunstancias, no existe, a nuestro juicio, ningún conflicto de títulos. El conflicto de títulos que no puede resolverse en una acción de desahucio surge cuando el demandado descansa en uno distinto e independiente del que ostenta el demandante, y no en la nulidad del título de aquél. Ni siquiera es suficiente la mera alegación de un título independiente en el demandado; es menester prueba bastante que lo robustezca para que una corte pueda legalmente impedir que la acción de desahucio prospere, porque, como dijo esta corte en *Brunet* v. *Corte,* 45 D.P.R. 901, 903: ". . . los derechos del demandante no deben estar a merced de una alegación de título que no esté sostenida por la prueba . . ."; y en *Lafontaine et al.* v. *Lafontaine et al. y Pérez, etc.,* 30 D.P.R. 194, 195: ". . . Pero nunca hemos resuelto que una mera alegación de título sin más pueda destruir la acción posesoria de un demandante. . ." En el de *Marrero* v. *Plumey,* 35 D.P.R. 1015, 1017, se cita con aprobación el caso de Lafontaine, supra, y se dice:

"Nos sentimos obligados a convenir con la apelada, y por tanto con la corte, que la mera aserción de un título independiente y de alguna prueba tendente a probar tal aserción no echará a perder un pleito de desahucio, ni obligará al demandante a recurrir a una acción reivindicatoria. Hemos resuelto lo contrario en el caso de *Lafontaine* v. *Lafontaine,* 30 D.P.R. 194. Si la corte no cree la prueba sometídale, no se puede decir que el demandado ha suministrado el principio de prueba a que se refiere la jurisprudencia. Según indica la apelada, si la proposición alegada fuese cierta, en muchos casos la ley de desahucio sería enteramente abortiva."

¿Se ajusta la prueba de los demandados a los precedentes citados? No se ajusta. Según la escritura de compraventa

número 17, otorgada el día 11 de mayo de 1934 por Juan Ne-
grón y su esposa Petra García a favor de Mario Mercado Mon-
talvo, los primeros vendieron al segundo por precio de $1,000
que recibieron en el acto del otorgamiento, la finca objeto
de este litigio. Según la escritura de compraventa número
29, otorgada el día 3 de julio de 1935 por Mario Mercado
Montalvo a favor del demandante Juan Antonio Faría, éste
adquirió del otro la misma finca por el precio de $1,000 que
recibió el vendedor en presencia del notario. Contra esa
prueba los demandados Juan Negrón y Petra García ofrecen
su propio testimonio para establecer en ellos un título que
no pasa de ser una impugnación colateral de la escritura
número 17, supra, alegando ellos que lo pactado fué una hipo-
teca en la forma de venta con pacto de retro y no una
compraventa de la finca. Ni esa prueba es suficiente para
destruir el título del demandante, de acuerdo con las decisio-
nes que hemos examinado antes, ni aun cuando lo fuera, la
alegación sería suficiente para anular la acción posesoria
entablada, pues los demandados se estarían basando en la
nulidad del título del demandante, y no en uno distinto e
independiente a favor de ellos. Y mal puede ser distinto e
independiente un título que es fuente y origen del del deman-
dante.

"En tal virtud todo el derecho que sobre la casa en cuestión te-
nían los demandados Pimentel, pasó por la venta llevada a efecto
en la ejecución de la sentencia, al demandante en este caso. Desde
el momento de la venta, terminó el derecho de los demandados para
seguir ocupando la casa y comenzó el del demandante para disfrutar
en toda plenitud del dominio adquirido sobre ella. No se trata, pues,
de un conflicto de títulos. El título del demandante trae precisa-
mente su origen del título de los demandados. Al venderle el
márshal, le vendió en nombre y representación de Ortiz Perichi y de
los demandados Pimentel." *Delgado* v. *Pimentel et al.*, 20 D.P.R.
556, 559.

*Por las razones expuestas y sin considerar otras que se
discuten en los alegatos de las partes, debe revocarse la sen-*

*tencia recurrida y decretarse el desahucio de los demandados de la finca que se describe en la demanda.*

Los Jueces Sres. Presidente Del Toro y Asociado Hutchison disintieron. *