José, Manuel y Catalina Oliver Aresti, demandantes y apelados, *v.* Feliciano Soto y Antonia Pérez Zambrana, demandados y apelantes.

Núm. 8159.—*Sometido:* Febrero 4, 1941. *Resuelto:* Febrero 17, 1941.

*E. Martínez Avilés,* abogado de los apelantes; *E. Pérez Casalduc,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los demandantes, herederos de don Andrés Oliver, entablaron demanda de desahucio ante la Corte de Distrito de Arecibo contra Feliciano Soto, alegando que éste ocupa en precario una finca de 15.37 cuerdas, de la cual son dueños dichos demandantes por haberles sido adjudicada en pago parcial de sus respectivos haberes hereditarios. Intervino en el pleito Antonia Pérez, alegando que ella es dueña de la finca por habérsela regalado su anterior dueño, don Andrés Oliver, y que Soto vive en la finca por ser familiar de ella. Soto alega que Oliver pasó la finca en venta a la interventora y que había dispuesto que le pasaran la escritura, pero que los demandantes se han negado a hacerle el traspaso.

Celebrada la vista del caso, los demandantes ofrecieron la escritura de partición judicial de los bienes relictos al fallecimiento de don Andrés Oliver, de la cual aparece que la finca en cuestión fué adjudicada a los demandantes en pago de parte de sus haberes hereditarios; y copia del auto de la corte de distrito aprobando dicha partición. El demandado y la interventora ofrecieron prueba testifical y dos cartas escritas por Oliver a Antonia Pérez.

El presente recurso ha sido interpuesto por el demandado y la interventora por no estar conformes con la sentencia por la cual se decretó el desahucio de ambos y se le impusieron las costas, sin incluir honorarios de abogado. Alegan los apelantes que la corte sentenciadora erró al admitir en evidencia la escritura de partición; al aceptar dicha escritura como prueba en contra de la interventora; al actuar movida por pasión, prejuicio o parcialidad, cometiendo grave

error en la apreciación de la prueba; y al declarar que la interventora estaba impedida de atacar el título de los demandantes.

■■ La escritura de partición ofrecida por los demandantes constituye un título válido y suficiente para darles derecho a la posesión del inmueble objeto del desahucio. Comparecieron al otorgamiento de dicha escritura y la aceptaron y suscribieron todos los herederos de don Andrés Oliver, entre ellos Antonia Oliver Pérez, hija natural reconocida del causante, representada por su madre doña Antonia Pérez Zambrana, la interventora en el presente pleito. La finca en cuestión fué adquirida por don Andrés Oliver por compra al Federal Land Bank of Baltimore en abril 7, 1931. Por virtud de la escritura de partición y con el conocimiento y consentimiento expreso de la interventora, la citada finca fué adjudicada a los tres herederos demandantes, en pleno dominio por terceras partes indivisas. A la heredera Antonia Oliver Pérez, hija de la interventora apelante, se le adjudicó en pago de su cuota hereditaria la suma de $28,661.92 en dinero efectivo. En abril 10 de 1939 la Corte de Distrito de Arecibo dictó un auto definitivo aprobando las operaciones particionales y declarando que la partición era título inscribible en el Registro de la Propiedad; y ordenó que el original fuese protocolizado en la notaría del licenciado Efraín Ramírez, dejando en el récord una copia literal firmada por los interesados.

El incidente en cuanto a la admisión en evidencia de la escritura de partición ocurrió así:

El abogado de los demandantes hizo constar que por haberse extraviado la copia inscrita en el registro, ofrecía en evidencia la escritura original, suscrita por las partes, que consta en el expediente de la administración judicial. Se opuso la representación de los demandados "porque el hecho de que una finca esté descrita en una escritura de partición no quiere decir que sea de la propiedad de a quien se le adjudicó." Fué admitida la escritura y la defensa anotó

su excepción. Al ser ofrecida la escritura en el acto de la segunda comparecencia, volvió a oponerse el abogado de los demandados, primero, porque la escritura debió haber sido ofrecida en el acto de la primera comparecencia, para que los demandados hubiesen tenido oportunidad de examinarla; segundo, porque la mejor prueba sería una copia certificada de la escritura que consta en el protocolo del notario; y tercero, porque la escritura no demuestra que la finca fuera del causante de la herencia.

La escritura de partición era admisible en evidencia en contra de la interventora. Fué ella una de las partes otorgantes y su firma aparece al pie del documento original aprobado por la corte de distrito en el expediente sobre partición de la herencia de Andrés Oliver. En el documento, después de describir la finca, los otorgantes hicieron constar que "esta finca la adquirió don Andrés Oliver Roses, causante, por compra a The Federal Land Bank of Baltimore, Puerto Rico Branch, en escritura número veinte, pasada ante el notario don José R. Aponte, con fecha siete de abril de mil novecientos treinta y uno. Este título no está inscrito en el Registro de la Propiedad a nombre del causante, cuyo requisito se llenará, pero lo está a nombre de la corporación vendedora al folio 162, vuelto, del tomo 133 de Arecibo, finca número 5363, inscripción 6ª." Habiendo hecho y suscrito tales manifestaciones y aceptado que la finca fuese adjudicada a los tres herederos demandantes, la interventora está impedida de atacar el título de dichos demandantes y de negar el derecho que tienen éstos como dueños a reclamar la posesión del inmueble.

La imputación de que la corte inferior actuó movida por pasión, prejuicio y parcialidad al apreciar la prueba carece de fundamento. Las dos cartas de Oliver a la interventora, requiriéndola de amores, no hacen referencia alguna a la alegada donación de la propiedad a favor de la interventora. La prueba testifical aducida por la interventora tendía a establecer el hecho de que Oliver había tenido la

intención de hacer donación de la finca a su concubina. Esa prueba, aun cuando no fué objetada por la parte demandante, era legalmente insuficiente para establecer una donación válida, toda vez que de acuerdo con el artículo 575 del Código Civil (ed. 1930), para que sea válida la donación de cosa inmueble ha de hacerse en escritura pública.

█ La prueba aducida por la interventora no es suficiente para establecer un conflicto de títulos entre ella y los demandantes. Véanse: *Lafontaine* v. *Lafontaine*, 30 D.P.R. 194; *Marrero* v. *Plumey*, 35 D.P.R. 1015; *Franceschi* v. *Claudio Elena*, 51 D.P.R. 495; y *Molina* v. *Molina*, 54 D.P.R. 227.

*La sentencia apelada se ajusta a derecho y debe ser confirmada.*