ELENA CRESPO MATÍAS, asistida de su esposo ISABEL MATÍAS RUIZ, demandante y apelada, *v.* MIGUEL ÁNGEL IRIZARRY, demandado y apelante; JUANA IRIZARRY MARTÍNEZ, interventora y apelante.

Núm. 10330.—*Sometido:* Diciembre 1, 1950.    *Resuelto:* Diciembre 11, 1950.

*Pascasio Fajardo Martínez,* abogado de los apelantes; *Mario Báez García,* abogado de la apelada.

E<small>L</small> J<small>UEZ</small> A<small>SOCIADO</small> S<small>EÑOR</small> M<small>ARRERO</small> emitió la opinión del tribunal.

Presentada demanda de desahucio en precario por Elena Crespo Matías contra Miguel Ángel Irizarry, la corte inferior permitió la intervención de Juana Irizarry Martínez a instancias de ésta. Fué el pleito a juicio y la corte concluyó, entre otras cosas, que la prueba que tenía ante sí demostraba que la demandante Elena Crespo Matías era dueña de la finca descrita en la demanda; que la adquirió por compra a José Ramón Martínez el 8 de agosto de 1928; que con el fin de inscribir su título promovió expediente de dominio ante la Corte de Distrito de Mayagüez y ésta dictó auto aprobatorio en 29 de septiembre de 1949, inscribiéndose el mismo

en el registro de la propiedad; que el demandado Miguel Ángel Irizarry y su señora madre, la interventora Juana Irizarry Martínez, ocupan la casa más pequeña de las dos que ubican en la finca descrita en la demanda, sin pagar canon o merced algunos; y que si bien la interventora Irizarry Martínez alegaba ser dueña de la casa objeto del procedimiento, por haberla adquirido a título de legado aparentemente de la misma persona de quien la hubo la demandante, la mera alegación de título sin prueba bastante que la robustezca no puede legalmente impedir que la acción de desahucio prospere. Dictó, por tanto, sentencia declarando con lugar la demanda y ordenando el desahucio tanto del demandado como de la interventora. Ambos han apelado.

▬▬▬ Alegan en primer lugar que la corte a quo erró "al no admitir en evidencia la copia de la escritura de testamento a favor de la interventora de la propiedad en litigio." Las contenciones del demandado fueron que la demandante no tenía título sobre la casa objeto del pleito y que él no era precarista, toda vez que vivía en compañía de su señora madre y ésta era dueña legítima de la propiedad en cuestión. Para sostener sus referidas contenciones el demandado y la interventora, quienes estaban representados por el mismo letrado, ofrecieron en evidencia copia del acta de defunción de Ramón Martínez Quiñones, así como copia certificada de un documento titulado "Protocolización de Testamento". El acta de defunción fué admitida en evidencia, mas no así el otro documento.

Lo corte inferior sin duda actuó acertadamente al dictar sentencia en la forma en que lo hizo. El documento cuya admisión en evidencia ella rechazó reza en lo esencial así:

"NÚMERO TRES—PROTOCOLIZACIÓN DE TESTAMENTO—En Mayagüez, Puerto Rico, a los treinta días del mes de enero, año de mil novecientos cincuenta.—ANTE MI—Pascasio Fajardo Martínez, abogado y notario públicos de los de esta Isla, con oficina y residencia en Mayagüez, asistido de los testigos que al final mencionaré.—COMPARECE—DE UNA SOLA PARTE: Doña

Juana Irizarry Martínez, mayor de edad, de esta vecindad, soltera, propietaria y expone: *Primero:* Que es poseedora de un testamento abierto otorgado por don Ramón Martínez en esta ciudad de Mayagüez en agosto del año de mil novecientos cuarenta y ocho por el cual le hace legado de la propiedad que en el mismo se indica.—*Segundo:* Que dicho testamento le fué entregado por el testador un día o dos después de haber sido otorgado, pero que el mismo se le había extraviado y no lo había podido conseguir a pesar de las múltiples gestiones encaminadas a conseguirlo que llegó hasta temer que le hubiere sido robado. —*Tercero:* Que dicho documento fué casualmente encontrado en su residencia hace unos cuatro o cinco días y con el fin que se levante la presente Acta sobre Protocolización de testamento hace entrega del mismo al notario que otorga la presente y le requiere para que de acuerdo a ley levante la presente Acta sobre protocolización de testamento y yo notario autorizante procedo a levantar la misma; haciendo constar: Que el indicado testamento lee textualmente así: Agosto 23/48, en Mayagüez, P. R. —Yo, Ramón Martínez hoy Asilado en Mayagüez, P. R.: Por la presente hago constar, que no tengo herederos a quienes dejar una propiedad que poseo en la calle denominada la ceiba en el barrio la salud de Mayagüez, P. R. Yo, Ramón Martínez por medio de este documento extra udicia (sic) declaro mi propiedad un legado en favor de Doña Juana Irizarry Martínez, mi declaración en favor de dicha sra. como dueña absoluta de la descrita propiedad por la escritura que se encontrará en mi baúl hace heredera absoluta a la su so dicha sra. Juana Irizarry Martínez, este legado lo hago y cúmplace mi última voluntad, recibí mucho bien de la su so dicha Juana Irizarry Martínez y en pago de todos los bienes que recibí en tanto tiempo es por eso que la declaro mi heredera por un legado, entréguese la dichita propiedad a la descrita sra. Juana Irizarry Martínez.—Yo, Ramón Martínez, declaro que mi propiedad está l, de gravámenes y queda en favor de mi descrita heredera.—La casa tiene solar propio y tiene otro solar el que radica una casa de la sra. Elena Crespo, la cual paga un cánon mensual por dicho solar.—Como yo no sé ni puedo firmar por ser ciego hago cruz justificando mi firma auténtica en presente de los testigos avajos firmantes, y en presente de la superiora del Asilo Sol Ana María García. —Este documento se compone de dos hojas de papel y es hecho por el Sr. Pedro Ronda Rivera de acuerdo a la solicitud y petición de las partes en cuestión.—Este documento se hizo a

las 3 de la tarde agosto 23, año 48.—Ramón Martínez.—Su signo.—Firmados: Daniel Vélez—Juan Rivera Torres—Oscar Rodríguez Segarra.—El notario que autoriza la presente escritura,: *Certifica:* que el transcrito testamento en este instrumento concuerda bien y fielmente con su original que dejo archivado en mi protocolo de instrumentos públicos a mi cargo, correspondiente al año de este otorgamiento, conjuntamente con la escritura matriz.—ADVERTENCIAS ACEPTACIÓN—Hice a la otorgante las advertencias legales del caso y la misma acepta este instrumento por estar redactado de conformidad con sus instrucciones.—En prueba de conformidad la compareciente signa el presente instrumento e imprime sus huellas digitales ya que manifiesta no saber firmar; haciéndolo a su ruego uno de los testigos instrumentales que se dirá y que lo son en este acto don José M. Martínez.—y don Godofredo Rodríguez. . . ."

Ese documento no era en verdad admisible en evidencia. En primer lugar, porque se refiere a una propiedad situada en lugar distinto a aquél a que se hace referencia en la demanda. ($^1$) Y en segundo lugar, porque del mismo no surgía título de clase alguna a favor del demandado ni de la interventora. Como testamento ológrafo era inexistente, ya que en armonía con lo provisto por el artículo 637 del Código Civil, ed. 1930, para que esta clase de testamento sea válido "deberá estar escrito todo y firmado por el testador" y del documento ofrecido se desprendía que el mismo no había sido firmado por el otorgante y que había sido escrito por otra persona. Por otra parte, tampoco era válido como testamento ológrafo por desprenderse de su faz que el mismo no había sido protocolizado en la forma provista por el artículo

---

($^1$) En la demanda la propiedad se describe así:

"SOLAR que mide 15 metros de frente por 19 metros de fondo, o sea, 285 metros cuadrados, radicado en el barrio Sabalos del término municipal de Mayagüez, que colinda por su frente, Sur, con camino vecinal; por su espalda Norte con Santiago Tirado; por su izquierda Este con Enrique González y por su derecha, Oeste con Rafael Vázquez. Contiene una casa de madera, techada de zinc, que mide 21½ pies de frente por 36 pies de fondo; y otra casa más pequeña, de los mismos materiales, de 4 metros de frente por 8½ metros de fondo."

Mientras que en el documento protocolizado se hace referencia a una propiedad en la calle La Ceiba en el barrio Salud de Mayagüez.

968

639 del mismo Código. Sin este requisito el mismo no era válido.(²)   Blanch v. Registrador, 59 D.P.R. 730, 733; Osorio v. Planis, 42 D.P.R. 626; Sentencia del Tribunal Supremo de España de 3 de mayo de 1909, 115 Jurisprudencia Civil 14; Manresa, Comentarios al Código Civil Español, tomo 5, ed. 1932, págs. 478 et seq.

■ Como testamento abierto el documento también resultaba ineficaz, ya que el mismo no cumplía con lo provisto por los artículos 644 y 648 del Código Civil.(³)

■ Además, como donación de cosa inmueble el documento carecía asimismo· de eficacia, puesto que "para que sea válida la donación de cosa inmueble ha de hacerse en escritura pública". La aceptación deberá constar también en documento público. Artículo 575 del Código Civil y Oliver v. Soto, 58 D.P.R. 70.

■■ En procedimientos de esta naturaleza no pueden ventilarse cuestiones de título. Empero, para que al surgir semejante cuestión se declare sin lugar una demanda de desahucio no basta el ofrecimiento como prueba de un título inexistente. Es menester prueba suficientemente robusta para que legalmente pueda impedirse que la acción prospere. Faría v. Negrón, 55 D.P.R. 18; J. González & Compañía v. Aponte, 55 D.P.R. 826. En este caso no se ofrecía prueba de tal naturaleza.

---

(²)El artículo 639 del Código Civil, ed. 1930 dispone:

"Artículo 639.—El testamento ológrafo deberá protocolizarse, presentándolo con este objeto a la corte de distrito del último domicilio del testador, o a la del lugar en que éste hubiese fallecido, si el fallecimiento hubiere tenido lugar en Puerto Rico, dentro de cinco años contados desde el día del fallecimiento. Sin este requisito, no será válido."

(³)Los artículos 644 y 648 del Código Civil, ed. 1930, proveen:

"Artículo 644.—El testamento abierto deberá ser otorgado ante notario y tres testigos idóneos que vean y entiendan al testador, y de los cuales uno, a lo menos, sepa y pueda leer y escribir.

Sólo se exceptuarán de esta regla los casos expresamente determinados en esta misma sección."

"Artículo 648.—Cuando sea ciego el testador, se dará lectura del testamento dos veces: una por el notario, conforme a lo prevenido en el artículo 645, y otra en igual forma por uno de los testigos u otra persona que· el testador designe."

■ Los errores segundo y tercero señalados por los apelantes apenas requieren ser discutidos. Éstos son al efecto de que la corte erró al no permitir demostrar a la interventora que el secretario de este Tribunal Supremo fué debidamente notificado del "otorgamiento de la escritura de testamento", y al apreciar la prueba. Aún aceptando que la protocolización del referido documento hubiera sido oportunamente notificado al secretario de esta corte, ningún alcance hubiera ello tenido a los fines del pleito si el documento en sí resultaba ineficaz.

En cuanto a la apreciación de la prueba bastará decir que hemos leído ésta y que a nuestro juicio la misma es suficiente para sostener la sentencia dictada.

*Debe confirmarse la sentencia apelada.*